UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SADARI IMARI BROWN,

        Plaintiff,                    Civil Action No. 16-CV-10472

vs.                                       HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

### OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 16), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 15), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14)

In this social security case, Plaintiff Sadari Imari Brown appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge Patricia T. Morris for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 13, 14), and Magistrate Judge Morris issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Brown's motion for summary judgment (Dkt. 15). Brown filed objections to the R&R (Dkt. 16); the Commissioner subsequently filed a response (Dkt. 17).

For the reasons that follow, the Court overrules Brown's objections and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted and Brown's motion is denied. The final decision of the Commissioner is affirmed.

### I. LEGAL STANDARD

1

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Brown offers two objections: (i) the magistrate judge erred in finding that the ALJ's decision was supported by substantial evidence; and (ii) the magistrate judge erred in finding that Brown's mental residual functional capacity ("RFC") was sufficient. See Obj. at 2, 3. The Court concludes that both objections lack merit.

### A. Objection One

Brown begins her objection by citing to Bowen v. Commissioner of Social Security, 478 F.3d 742 (6th Cir. 2007) for the proposition that a decision supported by substantial evidence will not be upheld when the Social Security Administration ("SSA") regulations were not followed by the ALJ. Obj. at 2. A claimant is entitled to benefits under the Social Security Act if she can

2

demonstrate her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Corresponding regulations set forth a five-step process to determine if the claimant is actually disabled. See 20 C.F.R. §§ 404.1520, 416.920. This objection concerns the assessment of Brown's RFC, an assessment that occurs between the third and fourth steps. A claimant's RFC is used to determine whether the claimant is capable of past relevant work, and if not, whether she is capable of making an adjustment to other work. See 20 C.F.R. §§ 404.1520(a)(4)(iv)-(v).

In Bowen, the decision of the ALJ was overturned because the ALJ failed to address the opinion of the claimant's treating source, in violation of 20 C.F.R. § 404.1527(d)(2). Bowen, 478 F.3d at 747. Unlike in Bowen, Brown fails to identify which regulation the ALJ failed to adhere to. In her objection, Brown simply summarizes the court's holding in Bowen and argues that she is entitled to reversal on that basis. Obj. at 2. It is not the job of the Court to make an argument on the claimant's behalf when the claimant fails to provide her own factual support or legal analysis. See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); Deguise v. Comm'r of Soc. Sec., No. 12-10590, 2013 WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013) ("[P]laintiff cannot simply make the claim that the ALJ erred . . . while leaving it to the Court to scour the record to support this claim."), report and recommendation adopted by 2013 WL 1187291 (E.D. Mich. Mar. 22, 2013); Crocker v. Comm'r of Soc. Sec., No. 1:08-CV-1091, 2010 WL 882831, at *6 (W.D. Mich. Mar. 9, 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece

together appropriate arguments."). As a result, the argument that the ALJ's decision should be overturned for failure to follow the regulations is waived.

Brown next argues that she is entitled to reversal because the ALJ and magistrate judge misconstrued evidence and overlooked evidence that supported her claim of disability. Obj. at 2-3. Specifically, Brown argues that the ALJ and magistrate judge "misconstrued medical evidence and testimony that ultimately, resulted in an inadequate RFC to address Plaintiff's severe medical conditions." Id. at 3. In Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997), the Sixth Circuit held that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." This rule was subsequently adopted by the SSA. See SSAR 98-4(6), 1998 WL 283902, at *3 ("SSA may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity.").

Here, Brown previously filed an application for disability benefits on January 27, 2010. A.R. at 16. After the application was denied, Brown appealed and proceeded to a hearing before an ALJ. Id. On August 2, 2011, the ALJ affirmed the denial of benefits. Id. In her ruling, the ALJ determined that Brown had the following RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: unskilled, routine, non-production-oriented, self-paced work with occasional contact with the general public, co-workers, and supervisors; cannot climb ladders, ropes, or scaffolds; should avoid concentrated exposure to fumes, odors, dusts, noxious gases, and poor ventilation; and should avoid hazards, such as moving machinery and unprotected heights.

A.R. at 26

4

The ALJ in the present case adopted the previous RFC determination, reasoning that while new and material evidence was presented, it was insufficient to constitute a change in Brown's RFC. Id.

Brown now contends that the ALJ misconstrued the medical evidence and her testimony regarding her functional capacity. See Obj. at 3. Brown notes her own testimony that she was unable to participate in any housework and that her condition deteriorated to the point that she spent most of her days in bed. Id. Contrary to Brown's claims, the ALJ considered Brown's testimony that she experienced symptoms of "self-isolation, inability to focus, suicidal ideation, memory loss, panic attacks, inability to make decisions, and racing thoughts." A.R. at 24. The ALJ found this testimony not to be credible, however, because it was at odds with Brown's medical records during the period of her alleged disability. Id. "[A]n ALJ's credibility determinations about the claimant are to be given great weight," provided the determination is supported by substantial evidence. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 542 (6th Cir. 2007). The ALJ noted that while Brown was hospitalized on three occasions from September 2011 to September 2012, each of these hospitalizations was brief, and there was no evidence that Brown required any follow-up treatment. A.R. at 24, 362-465, 834-993.

Furthermore, medical records from Brown's psychiatrist, Dr. Nadimpalli Raju, demonstrate that from October 2012 to March 2013, Brown showed significant improvement. Id. at 24, 466-486. A review of the records shows that during Brown's first visit on October 2, 2012, Dr. Raju concluded that Brown's prognosis was "fair for remaining in the community and guarded for gainful employment." Id. at 468. During a visit in December 2012, Brown reported that she was "much more able to care for self even though she still has the periods of difficulty and sadness." Id. at 483. Her records from March 2013 indicate that she showed improvement and

5

informed Dr. Raju that she had not experienced any bad days. Id. at 478-479. The ALJ noted that, according to Dr. Raju's notes, there was very little difference in Brown's condition before and after she began work in April 2013, indicating that Brown's condition was not as dire as she testified to. Id. at 24.

Moreover, Brown failed to offer any opinions from her own doctors, or other sources, that her RFC had changed since her previous application for benefits was denied. The only medical professional to give an opinion regarding Brown's mental functional capacity, Dr. Rose Moten, concluded that no new and material evidence had been presented that would change the prior ALJ's conclusion in regard to Brown's RFC. Id. at 26. All of the above demonstrates that the ALJ's determination of Brown's RFC, and her finding that Brown was not disabled, were supported by substantial evidence.

### B. Objection Two

Brown begins her second objection by rehashing her argument that the ALJ's RFC determination was improper. As noted above, the ALJ was bound by the previous RFC determination "unless new and additional evidence or changed circumstances provide a basis for a different finding." See SSAR 98-4(6), 1998 WL 283902, at *3. All new and material evidence simply reinforced the previous ALJ's RFC determination. See A.R. at 24-26, 362-465, 466-486, 834-993.

Brown also argues that "[t]he ALJ dismissed Plaintiff's treaters' assessments of her abilities, including her agoraphobic fears that were severely impacting her activity." Obj. at 4. Brown further argues that her records from Eastwood Clinics were not properly considered. Id.

Regarding the treaters' assessments of Brown's abilities, the ALJ noted that Brown "has not offered (and the record does not contain) any formal opinions from any of her own doctors or even from non-medical sources analyzing her residual functional capacity." A.R. at 26. According

6

to the ALJ, "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even that she has limitations greater than those determined in this decision." Id.

In regard to Brown's records from Eastwood Clinics, the magistrate judge noted in her R&R that Brown only referred to records from Eastwood Clinic "without identifying any particular physician, an impermissible analytical shortcut." R&R at 32. As a result, the magistrate judge deemed this argument waived. Id. A review of Brown's objection demonstrates that she has again failed to identify any particular physician at Eastwood. Obj. at 4. As a result, this argument is waived. See McPherson, 125 F.3d at 995–996 (6th Cir. 1997).[1]

Finally, Brown argues that the ALJ failed to properly evaluate her credibility. See Obj. at 4-6. As noted by the Commissioner, Brown failed to raise an argument regarding the ALJ's assessment of credibility before the magistrate judge. An argument raised for the first time in an objection to a magistrate judge's R&R is considered waived. Murr v. United States, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

Even if this argument was properly before this Court, it cannot be said that the ALJ erred in evaluating Brown's credibility. The ALJ discussed at length how Brown's testimony regarding her self-isolation was inconsistent with her medical records. A.R. at 24-26. The ALJ also noted inconsistency in Brown's testimony regarding her relationship with her boyfriend during the time of her alleged disability. Id. at 21. Finally, the ALJ discussed the lack of evidence showing that Brown followed through with her outpatient mental health therapy. Id. at 24. The ALJ opined that if Brown's symptoms were as severe as she testified to, she would have followed through with

---

[1] Even if the Court were to consider this argument, the entirety of Brown's records from Eastwood Clinic consists of duplicates of an August 29, 2011 letter from the clinic to another physician documenting Brown's medications. A.R. at 608, 725-729, 947. This is insufficient to alter the previous determination of Brown's RFC.

these appointments. Id. This demonstrates that the ALJ thoroughly discussed her reasons for discounting Brown's testimony.

### III.  CONCLUSION

For the above-stated reasons, the Court overrules Brown's objections (Dkt. 16) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 15). Brown's motion for summary judgment (Dkt. 13) is denied and the Commissioner's motion for summary judgment (Dkt. 14) is granted.

SO ORDERED.

Dated:  February 27, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2017.

s/Karri Sandusky
Case Manager

.